IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KHALIL KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. |
| ROCKFORD SCHOOL DISTRICT 205, | ) | |
| AARON OETTING and PRINCIPAL | ) | |
| SIMMONS | ) | Judge |
| | ) | Magistrate |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, KHALIL KING, by and through his attorneys, THE LAW OFFICES OF SCOTT T KAMIN., and complaining of Defendants, ROCKFORD SCHOOL DISTRICT 205, AARON OETTING and PRINCIPAL SIMMONS, states as follows:

### NATURE OF THE CASE

1. This suit arises from the violation of civil rights of Plaintiff, KHALIL KING, for unreasonable seizure, including failure to protect and use of excessive force, for a violation of substantive due process, for a state law battery claim, for a Monell claim in violation of Title 42 U.S.C. section 1983, for negligent supervision under state law and for indemnification.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. section 1331 and 1367. This court has pendent jurisdiction over the state law claims.

## VENUE

3. Venue is provided under 28 U.S.C. §§1391(b)(1) and (b)(2). The violations of civil rights alleged herein were committed within the Northern District of Illinois, specifically Cook County. This action properly lies in the United States District Court, Northern District of Illinois, Western Division.

## PARTIES

4. Plaintiff KHALIL KING is a twenty-two year old resident of the City of Rockford County of Winnebago, State of Illinois.

5. Defendant AARON OETTING was at all times relevant hereto employed as a public school teacher by ROCKFORD SCHOOL DISTRICT 205, at GUILDFORD HIGH SCHOOL and was acting under color of state law. He is sued in his individual capacity.

6. Rockford School District #205 is a governmental entity that is charged with educating the students of Rockford, Illinois. It receives both State and Federal funding.

## FACTS

7. Plaintiff, born February 02, 1996, was a minor at the time of the incident complained of.

8. Plaintiff reached the age of majority on February 02, 2014.

9. Plaintiff was a student at GUILDFORD HIGH SCHOOL located in the City of Rockford at the time of the incident complained of.

10. Defendant PRINCIPAL SIMMONS has responsibility for school safety and is a custodian of students at Guildford High School.

11. Defendant AARON OETTING was a teacher at Guilford High School at the time of the incident complained of.

12. Defendant AARON OETTING has responsibility concerning school safety and is one of the custodians of the students attending his respective school.

13. At all times relevant, ROCKFORD SCHOOL DISTRICT #205 had a custodial responsibility over KHALIL KING.

14. Teachers at Guilford High School routinely give students "hall passes" to use the bathroom when the need arises.

15. On or about October 15, 2011 at approximately 3:35 p.m. Defendant AARON OETTING approached Plaintiff in the school hallway, asked Plaintiff about his destination, and requested his student identification.

16. Plaintiff responded that he had a bathroom pass and continued walking towards the bathroom.

17. At no time was the Plaintiff a threat to the safety of himself or others, nor was he disorderly. Plaintiff neither attempted to fight or resist the Defendant, nor in any way provoke the Defendant

18. Feeling slighted by Plaintiff, Defendant OETTING grabbed hold of Plaintiff and began to throw him against the lockers adjoining the hallway.

19. Defendant OETTING then threw Plaintiff to the ground, slamming him head first onto a hard floor.

20. OETTING jumped on top of Plaintiff and put him in a chokehold.

21. Plaintiff was immobilized and instantly went into a seizure.

22. Plaintiff was hospitalized as a result of his injuries.

23. A surveillance camera located in school showed that Plaintiff never struck the Defendant OETTING nor was Plaintiff the aggressor.

24. The video footage and witness statements were communicated to prosecutors, prompting Winnebago County prosecutors to charge Defendant Oetting with the criminal offense of aggravated battery against Plaintiff.

25. As a direct and proximate result of the actions or omissions of Defendants, Plaintiff suffered mental anguish, emotional distress, and financial loss.

26. Plaintiff KHALIL KING also suffered significant physical injuries.

## COUNT I

### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

27. Plaintiff restates and realleges all the statements made in paragraphs 6-24 of the Complaint as though fully stated therein.

28. On or about October 15, 2011, Defendant OETTING used excessive force against Plaintiff when he slammed Plaintiff to the ground.

29. As a proximate result of the unnecessary force, Plaintiff was in fact injured, suffering physical and emotional injury.

## COUNT II

### UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

30. Plaintiff restates and realleges all the statements made in paragraphs 6-27 of this complaint as though fully set forth herein.

31. Defendant OETTING unreasonably seized Plaintiff when he grabbed Plaintiff.

32. The unreasonable seizure caused the Plaintiff extreme emotional and physical trauma.

## COUNT III:

## FAILURE TO TRAIN UNDER MONELL

33. Plaintiff incorporates paragraphs 6- 32 as though fully set forth here.

34. ROCKFORD SCHOOL DISTRICT #205 has ratified excessive force by its employees during physical searches and seizures of its students by its complete and utter failure to adequately supervise and train its staff in disciplinary and preventive techniques when interacting with students.

35. The Defendant PRINCIPAL SIMMONS has ratified excessive force by her employees during physical searches and seizures of Guildford students by her complete and utter failure to adequately supervise and train her staff in disciplinary and preventive techniques when interacting with students.

36. As a result of the above described custom, practice and/or policy, school administrators of ROCKFORD SCHOOL DISTRICT #205, including Defendant OETTING believed their actions would not be properly monitored by supervisory personnel and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. The above described policy and customs demonstrate a deliberate indifference on the part of policymakers for ROCKFORD SCHOOL DISTRICT #205 to the constitutional rights of its students, and were the cause of the violations of Plaintiff's rights alleged herein.

38. The interrelated policies, practices and/or customs as set forth above were maintained by the Defendant SCHOOL DISTRICT #205 with deliberate indifference, proximately causing the injuries suffered by Plaintiff.

## COUNT IV

## State Supplemental CLAIM OF BATTERY against
## DEFENDANT OETTING

39. Plaintiff restates and realleges all the statements made in paragraphs 6-36 of this Complaint as though fully set forth herein.

40. On October 15, 2011, Defendant OETTING willfully touched Plaintiff in a harmful manner - without legal justification.

41. At no time did Plaintiff consent to being touched by the individual defendants in any manner.

42. As a result of this touching, Plaintiff suffered extreme physical and emotional harm.

## COUNT V

## STATE CREATED DANGER – UNDER THE 4TH AMENDMENT and SUBSTANTIVE DUE PROCESS

43. Plaintiff restates and realleges all the statements made in paragraphs 6-40 of this Complaint as though fully set forth herein.

44. On October 15, 2011, Defendant OETTING slammed KHALIL KING onto a hard floor head first.

45. Defendant OETTING created the danger of Plaintiff impacting head first by forcing his arms against his body when slamming him to the floor.

46. The defendants were deliberately indifferent as to whether KHALIL KING was harmed by such danger.

47. As a proximate result of the state created danger, KHALIL KING, was in fact injured, both physically and emotionally.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER ILLINOIS LAW

48. Plaintiff restates and realleges all the statements made in paragraphs 6-46 as though fully set forth herein.

49. Defendant OETTING intentionally engaged in extreme and outrageous behavior against

50. KHALIL KING by brutally slamming him head first onto the hallway floor.

51. Defendants' outrageous behavior proximately caused Plaintiff to suffer severe emotional distress including anxiety, fear, anger, depression and humiliation.

## COUNT VII

### §1983 CLAIM AGAINST DEFENDANT ROCKFORD SCHOOL DISTRICT #205

52. Plaintiff restates and realleges all the statements made in paragraphs 6-50 of this Complaint as though fully set forth herein.

53. Defendant ROCKFORD SCHOOL DISTRICT #205 has a custom, practice and/or policy under which unlawful searches and seizures by employees, independent contractors or other agents are allowed against students.

54. Said custom, policy and/or practice is permanent and so well-settled it constitutes the force of law.

55. The custom, policy and/or practice was the moving force behind Defendant OETTING's illegal search and seizure of Plaintiff.

## COUNT VIII

### STATE LAW NEGLIGENT SUPERVISION and RESPONDEAT SUPERIOR AGAINST DEFENDANTS SIMMONS AND ROCKFORD SCHOOL DISTRICT # 205

56. Plaintiff restates and realleges all the statements made in paragraphs 6-33, 35-37, 39-40, 42-45, 47-52, 54-57, 59-60, 62-64 and 66-70 of this Complaint as through fully set forth herein.

57. Defendant SCHOOL DISTRICT #205 had a duty of reasonable care in supervising its employees, including Defendants OETTING and SIMMONS.

58. Defendant SCHOOL DISTRICT #205, OETTING and SIMMONS had a duty of reasonable care in supervising its students' activities and the activities of high schools within its district, activities including class room assignments, student movement protocols, and bathroom break procedures.

59. Defendant SCHOOL DISTRICT #205 negligently supervised its employees, including Defendants SIMMONS and OETTING.

60. Defendant SIMMONS willfully and wantonly permitted Defendant OETTING to monitor the students at Guilford High School, knowing or indifferent to his propensity for inappropriate conduct toward minors.

61. Such negligent supervision proximately caused the injuries to Plaintiff.

## COUNT IX

### CLAIM UNDER 745 ILCS 10/9-102
### AGAINST DEFENDANT ROCKFORD SCHOOL DISTRICT #205

62. Plaintiff restates and realleges all the statements made in paragraphs 6-59 of this Complaint as though fully set forth herein.

63. Defendant ROCKFORD SCHOOL DISTRICT #205 was, at all times material to this Complaint, the employer of the individual defendants.

64. The individual defendants committed the acts alleged above in the scope of their employment as employees of Defendant ROCKFORD SCHOOL DISTRICT #205.

WHEREFORE Plaintiff, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, demands judgment against defendants on each and every claim, and asks this Court to grant the following relief:

A. That defendants be required to pay Plaintiffs general damages in a sum to be ascertained at a trial of this matter;

B. That defendants be required to pay Plaintiffs special damages;

C. That defendant ROCKFORD SCHOOL DISTRICT #205 be required to reimburse the individual defendants;

D. That defendants be required to pay Plaintiff his attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, and/or any other applicable provision;

E. That individual defendants be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter;

F. That defendants be required to pay Plaintiffs the costs of the suit herein incurred, and

G. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: January 2, 2015                    /s/ Scott T. Kamin
                                          Scott T. Kamin


Scott T. Kamin

Law Offices of Scott T. Kamin
55 E. Jackson #1055
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855